UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO RENE AGUILAR CHAVEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, ET AL.<br><br>Respondents | No. 1:26-cv-04489-DAD-CSK (HC)<br><br>ORDER GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTIONS FOR A TEMPORARY RESTRAINING ORDER AND THE APPOINTMENT OF COUNSEL AS MOOT<br><br>(Doc. Nos. 1, 2, 3, 4) |

On June 11, 2026, petitioner, proceeding *pro se*, filed a petition for writ of habeas pursuant to 28 U.S.C. § 2241, challenging his detention by the United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order requesting his immediate release. (Doc. No. 2.) Thereafter, on June 15, 2026, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 5.) In addition, the court directed that if respondents opposed the court ruling on the underlying habeas corpus petition based on the briefing currently before it, respondents were to indicate in the opposition and provide substantive reasons in support of that position. (*Id.*) On June 17, 2026, respondents filed an opposition to the motion for temporary restraining order.

1

(Doc. No. 8.)  In that opposition, Respondents argued in pertinent part that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) (Doc. No. 8 at 1–3), an argument which the undersigned has rejected on several prior occasions.  *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).  Further, respondents argued that the petition should be dismissed, which the court interprets as respondents' indication that the court can rule on the habeas corpus petition at this time.  Finally, respondent stated no opposition to the court ruling on the merits of the pending petition based on the current briefing and the court will therefore do so.

Based upon a review of the briefing, the court finds the following facts.  Petitioner is a citizen of El Salvador.  At an unknown place and an unknown time, petitioner entered the United States without speaking to immigration authorities.  The record reflects that petitioner was previously convicted of theft in 2015.  (Doc. No. 8 at 14–15.)  In April 2026, petitioner encountered law enforcement again in Texas and was charged with driving while intoxicated and having an open alcohol container.  (*Id.* at 16–17.)  He was subsequently placed in immigration detention where he remains.

Pursuant to the reasoning set forth in the court's prior order in *Quichimbo-Jimenez v. Warden, Cal. City Corr. Ctr.*, No. 2:26-cv-00739-DAD-EFB, 2026 WL 679378, at *1–2 (E.D. Cal. Mar. 10, 2026), contrary to respondents' argument, the court concludes that petitioner cannot be detained pursuant to 8 U.S.C. § 1225(b).  *See, e.g., Lopez Lopez v. Warden*, No. 2:26-cv-03556-DAD-CKD, 2026 WL 1346694, at *3 (E.D. Cal. May 14, 2026) (incorporating the reasoning of *Quichimbo-Jimenez* and applying it to immigration detainees who entered the United States without inspection, were not apprehended upon arrival, and are not otherwise subject to mandatory detention).

Accordingly, the court concludes that petitioner's continued immigration detention violates due process.

/////

/////

/////

2

For the reasons explained above:

1.     Petitioner's motion to proceed *in forma pauperis* (Doc. No. 4) is GRANTED;

2.     Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a.     Respondents are ORDERED to immediately release petitioner, Ricardo Rene Aguilera Chavez, A-File No. 221-056-462, from respondents' custody on the same terms and conditions, if any, he was subject to prior to his detention on May 9, 2026;

    b.     Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a), and its implementing regulations;

3.     Petitioner's motion for a temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting his habeas petition on the merits;

4.     Petitioner's motion for the appointment of counsel (Doc. No. 3) is denied as moot in light of this order granting his petition for writ of habeas corpus;

5.     The Clerk of the Court is directed to serve a copy of this order on the warden of the Golden State Annex Detention Facility; and

6.     The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **June 23, 2026**   _____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE